FILED
2026 Sep-28 PM 02:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| JAMES L. PADGETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:25-cv-01042-MHH |
| | ) | |
| FBI DIRECTOR or/and FBI GENERAL COUNSEL, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM OPINION

James L. Padgett filed a *pro se* petition for a writ of mandamus seeking a court order directing the Federal Bureau of Investigation's Director or/and General Counsel to comply with his requests under the Freedom of Information Act. (Doc. 1). Mr. Padgett currently is incarcerated in Baldwin State Prison in Hardwick, Georgia.[1] Mr. Padgett did not pay the $405.00 filing and administrative fees when he filed this action. Instead, he filed an application to proceed *in forma pauperis*. (Doc. 2).

The Prison Litigation Reform Act establishes restrictions on the ability of prisoners to file civil rights actions in federal court. One provision of the PLRA

---

[1] *See Find an Offender*, GA. DEP'T OF CORR., https://services.gdc.ga.gov/GDC/OffenderQuery/jsp/OffQryForm.jsp (last visited Sept. 25, 2026).

amended the *in forma pauperis* statute, 28 U.S.C. § 1915, to add subsection (g). That subsection states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The Eleventh Circuit Court of Appeals has interpreted this statute to mean that a prisoner who has had three or more cases dismissed as meritless must pay the full filing fee at the time he initiates the lawsuit. *See Dupree v. Palmer,* 284 F.3d 1234, 1236 (11th Cir. 2002); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001). The only exception to this rule is where a prisoner is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The Eleventh Circuit has not addressed "whether or in what circumstances mandamus petitions are civil actions subject to § 1915(g)." *Littlejohn v. Director, Fed. Bureau of Investigation*, No. 21-13542, 2023 WL 2300945, at *2 (11th Cir. Mar. 1, 2023) (internal quotation marks omitted). The Eleventh Circuit has noted that other circuits have treated a mandamus petition as a civil action if the petition resembles or arises out of a civil lawsuit to which § 1915(g) applies. *Littlejohn*, 2023 WL 2300945, at *2 (citing *In re Crittenden*, 143 F.3d 919, 920 (5th Cir. 1998))

("[T]he nature of the underlying action . . . determine[s] the applicability of [§ 1915(g)]."); *Martin v. United States*, 96 F.3d 853, 854 (7th Cir. 1996) (explaining that whether the PLRA applies to a mandamus petition "turn[s] on whether the litigation in which it is being filed is within that scope"); *In re Nagy*, 89 F.3d 115, 117 (2d Cir. 1996) (reasoning that prisoners should not be able to avoid the deterrent effects of the PLRA by bringing what is essentially a civil rights action through the guise of a petition for a writ of mandamus)).

In his mandamus petition, Mr. Padgett alleges that on May 15, 2025, he submitted FOIA requests to the FBI's General Counsel's office requesting certain information within ten days. (Doc. 1, pp. 1–2). Mr. Padgett states his requests concern letters he sent to the FBI requesting an investigation of an individual whom he asserts has been engaged in criminal activity. (Doc. 1, p. 2). Mr. Padgett states the FBI has not complied with his FOIA requests. (Doc. 1, pp. 2–3). Mr. Padgett seeks the FBI's compliance with his FOIA requests. (Doc. 1).

A civil action alleging claims under FOIA is subject to the provisions of § 1915(g). *See Banks v. United States Marshal*, 274 Fed. Appx. 631, 632, 635 (10th Cir. 2008) (applying strikes to actions which included claims filed, in part, under FOIA); *Wright v. Curry*, 122 Fed. Appx. 724, 725–26 (5th Cir. 2004) (applying § 1915(g) bar in FOIA action); *Adnan v. All Authorities World-Wide*, No. 24-cv-00276, 2024 WL 5696969, at *1 (N.D. Ga. Dec. 3, 2004) (same), *report and*

*recommendation adopted*, 2025 WL 1441052, at *1 (N.D. Ga. Jan. 3, 2025); *Whitworth v. Fed. Bureau of Prisons*, No. 22-cv-01496, 2022 WL 18587888, at *1–2 (N.D. Ala. Dec. 27, 2022) (same), *report and recommendation adopted*, 2023 WL 1788532, at *1–2 (N.D. Ala. Feb. 6, 2023).

Mr. Padgett has filed at least three cases or appeals that have been dismissed as meritless, including: *Padgett v. Cooper*, No. 00-cv-00506 (D.S.C. May 10, 2001) (dismissing complaint and issuing strike); *Padgett v. Hodges*, No. 00-cv-2171 (D.S.C. July 16, 2001) (granting summary judgment and issuing strike); and *Padgett v. Skeen*, No. 99-cv-02373 (D.S.C. May 10, 2001) (granting summary judgment and issuing strike).[2]

The Court ordered Mr. Padgett to show cause why this action should not be dismissed under 1915(g). (Doc. 10). Mr. Padgett responded that he has not filed actions in Alabama but did not deny having filed at least three actions in the U.S. District Court for the District of South Carolina. (Doc. 11). On this record. § 1915(g) precludes Mr. Padgett from commencing this action *in forma pauperis* unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Mr. Padgett's FOIA request does not indicate that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). (Doc. 1).

[2] *See also Padgett v. Beach*, No. 03-cv-00014 (D.S.C. Jan. 9, 2003) (report and recommendation noting Mr. Padgett had compiled at least nine strikes).

Because Mr. Padgett has not alleged facts which demonstrate that he is under imminent danger of serious physical injury, he may not proceed with this action *in forma pauperis*. Accordingly, the Court denies Mr. Padgett's application for leave to proceed *in forma pauperis*. (Doc. 2). Because Mr. Padgett did not pay the filing and administrative fees of $405.00 when he filed this petition, the Court dismisses the action without prejudice. The Court denies Mr. Padgett's pending motion to compel, (Doc. 8), as moot. The Clerk of Court shall please TERM Docs. 2 and 8 and mail a copy of this order to Mr. Padgett at his address on file.

**DONE** and **ORDERED** this September 28, 2026.

Madeline H. Haikala

**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE